UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NURSAT I. AYGEN,<br><br>  Plaintiff,<br><br> v.<br><br>DISTRICT OF COLUMBIA PUBLIC SCHOOLS,<br><br>  Defendant. | Civil Action No. 05-2469 (CKK) |

MEMORANDUM OPINION
(December 5, 2006)

  Plaintiff, acting *pro se*, filed a complaint on December 20, 2005, alleging what appear to be claims of employment discrimination. On April 21, 2006, this Court issued an [3] Order instructing Plaintiff that failure to serve Defendant by May 12, 2006, would result in dismissal of this case without prejudice in accordance with Federal Rule of Civil Procedure 4(m). On May 18, 2006, after reviewing the docket and speaking with the Clerk's Office to confirm that no filings had been received from Plaintiff indicating that service of the summons and complaint had been made, the Court dismissed this case without prejudice for Plaintiff's failure to serve the summons and complaint on Defendant. *See* [4] Order.

  On August 4, 2006, Plaintiff filed a [5] Motion to Reopen Case. In Plaintiff's Motion to Reopen Case, Plaintiff asks the Court "for permission to serve the defendant and go forward with this most important case . . . ." The only explanation that Plaintiff provides for her untimely response is, in essence, that she was too busy to prosecute her case. *See* Pl.'s Mot. Reopen at 2

("My priority has always been my students . . . [s]ince the defendant says, 'children first,' the fact that serving the children was a priority for me over serving the defendant in this civil action, at a very busy time at the end of an unusually busy semester, when children's lives literally hung in the balance, cannot be injurious to the defendant."). Plaintiff further states that "[i]f I can get past the technical issues such as the issue presented here, I am confident that I will prevail and justice will be served." *Id.* at 3.

The Court will appropriately treat Plaintiff's Motion to Reopen as brought under Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) permits the Court to grant relief from a final judgment where it finds mistake, inadvertence, surprise or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). In determining whether to grant relief based on excusable neglect (the only plausible ground here), courts should take into account all relevant circumstances and may consider such factors as (1) the length of delay, (2) reasons for such delay, (3) whether the delay was in the reasonable control of the movant, (4) whether the movant has acted in good faith, (5) the danger of prejudice to the non-movant, and (6) any potential impact of granting relief on judicial proceedings. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (determining "excusable neglect" under Bankruptcy Rule 9006(b)); *see also In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (examining Rule 60(b) excusable neglect standard using *Pioneer* factors). In addition, the movant must demonstrate a potentially meritorious claim to convince the court that vacating the judgment is not an empty exercise. *See Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995); *Lepkowski v. U.S. Dep't of the Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986).

In applying the *Pioneer* factors to Plaintiff's Motion to Reopen Case, the Court finds that

Plaintiff has not demonstrated excusable neglect, in particular because she provides no justifiable reason for her delay and her delay was unreasonable in light of the advanced notice given to Plaintiff prior to the dismissal of her case and her failure to request an extension of time in which to serve Defendant. Furthermore, granting relief pursuant to Rule 60(b) because a plaintiff was "too busy" to bother serving Defendant would set a dangerous precedent and would severely undermine future compliance with Court orders in this case and other proceedings.

    As noted above, Plaintiff provides no justifiable reason for her delay. Plaintiff does not claim that she didn't receive the Court's Order of April 21, 2006, warning Plaintiff that her case would be dismissed for failure to serve if she did not serve Defendant by May 12, 2006. Nor does Plaintiff claim that she was physically incapacitated from timely perfecting service on Defendant. Plaintiff's only excuse for her failure to timely serve Defendant is that she was too busy to do so due to the demands of her profession and family. *See* Pl.'s Mot. to Reopen at 2 ("My priority has always been my students . . . [s]ince the defendant says, 'children first,' the fact that serving the children was a priority for me over serving the defendant in this civil action, at a very busy time at the end of an unusually busy semester, when children's lives literally hung in the balance, cannot be injurious to the defendant."). *See also id.* at 3 ("Because of the dismissal and all the ugliness and trauma that ensued, my mother, who had been super healthy all her life, started to decline, also adding to the demands of my time and energies in addition to my commitment to my students."). The Court does not consider Plaintiff's choice to focus her energies elsewhere to constitute "excusable neglect," particularly in light of the fact that she was only required to perfect service on Defendant or ask for an extension of time to do so rather than file a written motion or some other more labor-intensive task.

Plaintiff's delay was particularly unreasonable in light of the opportunity Plaintiff had to request an extension of time in which to serve Defendant in the instant case. The Court's Order dated April 21, 2006, explicitly stated that "'if the plaintiff shows good cause for the failure [to serve Defendant within 120 days], the court shall extend the time for service for an appropriate period.'" *See* [3] Order at 1 (quoting Fed. R. Civ. P. 4(m)). Plaintiff never requested such an extension. Furthermore, Plaintiff waited over two months after the Court issued an Order dismissing Plaintiff's case to file her Motion to Reopen.

Finally, as a matter of policy, the Court cannot accept Plaintiff's position that she was "too busy" to prosecute her case as constituting excusable neglect. While Plaintiff argues that the reasons that she was "too busy" to serve Defendant were inherently laudable–namely, that she prioritized "serving the children" over focusing on her case, categorizing this explanation as "excusable neglect" would open the door to reopening virtually any case dismissed for failure to timely serve a defendant, as many individuals with careers, families, and generally busy lives can point to worthwhile activities that take up much of their time. The Court of course notes that Plaintiff's case was dismissed without prejudice on May 18, 2006, rather than being dismissed with prejudice, such that Plaintiff is free to re-file her claims in a new civil action (though the Court will not speak to the merits of such claims or the effect of statutes of limitations thereupon).

As Plaintiff is unable to demonstrate "excusable neglect," the Court need not reach the issue of whether Plaintiff has "provided the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray*, 52 F.3d at 355. Furthermore, while subsection (6) of Rule 60(b) permits the Court to reopen a judgment for "any

other reason justifying relief from the operation of the judgment," in order to justify such relief, "a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer*, 507 U.S. at 393, 113 S. Ct. 1489 (internal citations omitted); *see also Killingham v. Dist. of Columbia Servs. for Indep. Living, Inc.*, 1998 WL 1148899 *6-7 (D.D.C. Sept. 30, 1998). Plaintiff has not, and cannot, make such a showing here.

Based on the aforementioned reasoning, the Court shall DENY Plaintiff's [5] Plaintiff's Motion to Reopen Case. An Order accompanies this Memorandum Opinion.

Date:   December 5, 2006

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge